Michael **MARRA**

v.

John R. **O'LEARY** et al.

No. 94–398–Appeal.

Supreme Court of Rhode Island.

Jan. 25, 1995.

Michael Marra, pro se.

Jeffrey Pine, Atty. Gen., Virginia McGinn, Sp. Asst. Atty. Gen., for defendants.

OPINION

PER CURIAM.

This matter came before the Supreme Court on December 14, 1994, pursuant to an order directing all parties to appear and show cause why the issues raised in this appeal should not be summarily decided. In this matter the plaintiff, pro se, has appealed from a Superior Court order granting the defendants' motion to dismiss under Rule 12(b)(6) of the Superior Court Rules of Civil Procedure on the ground that plaintiff's complaint failed to state a claim upon which relief could be granted.

After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, this court concludes that cause has not been shown. The issues will be summarily decided at this time.

The defendants in this action are Senator John R. O'Leary, Representative Edith H. Ajello, Senator David E. Bates, and Senator Charles D. Walton, members of the Rhode Island General Assembly assigned to the Joint Committee on Accounts and Claims. Senator O'Leary is chairman of that committee. The defendant, Raymond M. Harrison, is employed as legal counsel to the committee, and defendant Anthony Gomes is the committee's clerk. In his complaint plaintiff alleged that defendants had engaged in activities that prevented a bill from being passed out of committee to the floor and to ultimate passage. The allegations in plaintiff's complaint involve actions taken by defendants in their capacities as members of the General Assembly or employees of that body. As legislators or legislative employees, defendants are entitled to absolute legislative immunity from suit for actions that fall within the parameters of their positions. In *Tenney v. Brandhove*, 341 U.S. 367, 377, 71 S.Ct. 783, 788, 95 L.Ed. 1019, 1027 (1951), the Supreme Court re-affirmed the doctrine of legislative immunity and affirmed the dismissal of a suit against California legislators brought under 8 U.S.C. §§ 43 and 47(3)[1].

This court's holding in *Holmes v. Farmer*, 475 A.2d 976 (R.I.1984) is controlling in the matter before us. In that case we said, "Inquiry by the court into the actions or motivations of the legislators in proposing, passing, or voting upon a particular piece of legislation * * * falls clearly within the most basic elements of legislative privilege." *Id.* at 984. The plaintiff's complaint concerns the members of the committee discussing and voting on proposed legislation. That is precisely the type of activity that legislative immunity was intended to protect. The clerk of the committee and the committee's legal counsel are also entitled to immunity since "[t]he privilege applies equally to legislative aides and * * * staff members who are engaged in legislative activity." *Id.*

The reasons for the committee's actions are irrelevant and beyond the scope of this court's inquiry. "An inquiry into the purpose behind legislative discussions or actions would dilute the rationale for the very existence of the privilege." *Holmes,* 475 A.2d at 984.

It is the opinion of this court that the trial justice, in granting the defendants' motion to dismiss this action, acted correctly and in conformity with the law.

Therefore, the plaintiff's appeal is denied and dismissed, the order appealed from is

1. Sections 41 to 43 transferred to sections 1981 to 1983, respectively, of Title 42. Sections 46 to 51 transferred to sections 1984 to 1990, respectively, of Title 42.

affirmed, and the papers of the case are remanded to the Superior Court.